IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANK SILVERMAN,** | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 1:CV-08-01841 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **PHYSICIAN HEALTH SERVICE -** | : | |
| **SCI-WAYMART,** | : | |
| | : | |
| Defendant | : | |

# **M E M O R A N D U M**

Before the court is a motion to dismiss (Doc. 10) Plaintiff Frank Silverman's ("Silverman") civil rights complaint pursuant to 42 U.S.C. § 1983, filed on behalf of Defendant Prison Health Services, Inc. ("PHS") at the State Correctional Institution in Waymart, Pennsylvania ("SCI-Waymart"). Silverman claims that PHS failed to diagnose and treat his diabetes in 2005, and did not provide him with treatment until 2008. For the reasons set forth below, the motion to dismiss will be granted, and Silverman will be permitted to amend his complaint.[1]

---

[1] In the complaint, Silverman also has named as defendants "John Doe and Jane Doe, Medical Department, SCI-Waymart." As plaintiff in this action, Silverman is responsible for identifying the parties named as defendants in order to effectuate service. *See* Fed. R. Civ. P. 4(c); *Fulton v. United States*, 198 Fed. Appx. 210, 214 (3d Cir. 2006). The court directed service of the complaint on defendants "John Doe and Jane Doe, Medical Department, SCI-Waymart" on March 3, 2009, (Doc. 16), and a waiver of service was returned unexecuted as to these defendants on April 15, 2009, (Doc. 18). To date, Silverman has not notified the court of any success on his part in identifying these unnamed defendants. As such, the failure to identify and serve these defendants

**I.   Background**

All of the following facts are stated in the complaint and are taken as true for purposes of disposing of the instant motion.

On October 18, 2007, Silverman was transferred to the State Correctional Institution in Graterford, Pennsylvania. (Doc. 1 at 2.) He was then transferred to the State Correctional Institution in Camp Hill, Pennsylvania ("SCI-Camp Hill"). (*Id.*) The medical department at SCI-Camp Hill started him on diabetes medication on November 8, 2007. (*Id.*)

Silverman was subsequently transferred to the State Correctional Institution in Coal Township, Pennsylvania ("SCI-Coal Township"). (*Id.*) On May 26, 2008, the medical department at SCI-Coal Township informed Silverman that he had been diagnosed with diabetes while he was incarcerated at SCI-Waymart three years earlier. (*Id.*) Silverman was neither informed of this diagnosis nor treated for diabetes while incarcerated at SCI-Waymart. (*Id.*) He now suffers from diabetic neuropathy, severe pain in his nerve endings, and vision problems. (*Id.*) The medical department told Silverman that he would not be suffering these symptoms had he

---

will result in the matter being dismissed as to them. *Fulton*, 198 Fed. Appx. at 214.

been started on diabetes medication at the time he was diagnosed at SCI-Waymart. (*Id.*)

## II.    Legal Standard - Motion to Dismiss

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Fair notice" in Rule 8(a)(2) "depends on the type of case – some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quotation omitted). "[A] situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Id*. A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief. *Twombly*, 127 S. Ct. at 1965; *accord, e.g.*, *Phillips*, 515 F.3d at 231-32; *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (the court is not "compelled to accept unsupported conclusions and

3

unwarranted inferences or a legal conclusion couched as a factual allegation.") (quotations and citations omitted)); *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005).

A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007), and all reasonable inferences permitted by the factual allegations, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007). *Accord Phillips*, 515 F.3d at 233. If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss. *Twombly*, 127 S. Ct. at 1965, 1974; *Phillips*, 515 F.3d at 234; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007); *Stevenson v. Carroll*, 495 F.3d 62, 66 (3d Cir. 2007). This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 127 S. Ct. at 1965).

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196. Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted); *see also U.S. Express Lines, Ltd. v Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted). However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Youse v. Carlucci*, 867 F. Supp. 317, 318 (E.D. Pa. 1994). Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a civil rights complaint that is merely deficient. *See, e.g.*, *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

### III.  Discussion

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution and laws of the United States. *West v.*

6

*Atkins*, 487 U.S. 42, 48 (1988). A defendant's conduct must have a close causal connection to plaintiff's injury in order for § 1983 liability to attach. *Martinez v. California*, 444 U.S. 277, 285 (1980).² A prerequisite for a viable civil rights claim is that a defendant directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988).

PHS is a private corporation that contracts with the state of Pennsylvania to provide medical care for the DOC. A private corporation contracting with a state cannot incur § 1983 liability by virtue of *respondeat superior*. *See Natale v. Camden County Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003); *see also Monell v. Dep't of Sec. Servs.*, 436 U.S. 658, 691-94 (1978) (holding that a municipality may not be held liable under § 1983 on a theory of *respondeat superior*). In order to hold a private corporation liable under § 1983, a plaintiff must show that he suffered a constitutional deprivation resulting from an official corporate policy or custom. *See Natale*, 318 F.3d at 583-84 (applying *Monell* to PHS); *see also Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997); *Griggs v. Dauphin County Prison*, No.

---

² The Court in *Martinez* explained: "Although a § 1983 claim has been described as 'a species of tort liability,' *Imbler v. Pachtman*, 424 U.S. 409, 417, 96 S. Ct. 984, 988, 47 L. Ed. 2d. 128 [(1976)], it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute." *Martinez*, 444 U.S. at 285.

7

1:CV-06-0823, 2008 WL 2518090, at *4 (M.D. Pa. June 19, 2008). A policy is an official proclamation or edict, while a custom is a practice that is "so permanent and well settled as to virtually constitute law." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (quoting *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990)) (citations omitted).

In the instant complaint, Silverman alleges that PHS was aware of the seriousness of his medical condition, but simply failed to inform him of the diagnosis and begin treatment.[3] However, he fails to identify any policy or practice of PHS that caused him to suffer a constitutional deprivation. In his response to the motion to dismiss, Silverman asserts that PHS maintains a practice of deciding when diabetic medication and treatment would be distributed to inmates who have high blood sugar levels. (Doc. 14 at 1.) The court fails to understand how this practice, as stated by Silverman, suggests a plausible right to relief in this case. Instead, Silverman is merely identifying what appears to be an isolated incident of several PHS employees' failure to inform an inmate of a diagnosis. Assuming *arguendo* that these PHS employees acted inappropriately, *Monell* liability may not be premised upon a theory of *respondeat superior*. *See Natale*, 318 F.3d at 583-84. As a result, the court will

---

[3] As stated herein, Silverman has been unable to identify as defendants any specific individuals from PHS who were deliberately indifferent to his medical needs. *See supra*, p. 1.

8

dismiss Silverman's Eighth Amendment claim against PHS. However, the court will grant Silverman leave to amend his complaint in order to allege sufficient facts to suggest that PHS maintained a policy or custom that ultimately led to PHS' denial of adequate medical care.[4]

An appropriate order will issue.

s/Sylvia H. Rambo<br>United States District Judge

Dated: May 11, 2009.

---

[4] In preparing his amended complaint, Silverman is advised that, among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not contain detailed factual allegations, but a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief as prescribed by Rule 8(a)(2). *Id.*; *see also Evancho*, 423 F.3d at 350.

To meet the standards set forth in Rule 8, the complaint must at least contain a modicum of factual specificity, identifying the defendants and the particular conduct of the defendants purported to have harmed the plaintiff. "A complaint which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice." *Purveegiin v. Pike County Corr. Facility*, No. 3:CV-06-0300, 2006 WL 1620219 (M.D. Pa. June 6, 2006).

In addition, Silverman is advised that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Additionally, it must specify the existence of actions by defendants which have resulted in constitutional deprivations. *See, e.g., Rizzo v. Goode*, 423 U.S. 362, 370-73 (1976).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANK SILVERMAN,** | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 1:CV-08-01841 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **PHYSICIAN HEALTH SERVICE - SCI-WAYMART,** | : | |
| | : | |
| Defendant | : | |

# O R D E R

**AND NOW**, this 11th day of May, 2009, upon consideration of the motion to dismiss (Doc. 10), and for the reasons set forth in the accompanying memorandum,

**IT IS HEREBY ORDERED THAT:**

1) Defendants "John Doe and Jane Doe, Medical Department, SCI-Waymart" are terminated as parties in this action.

2) The motion to dismiss (Doc. 10) is **GRANTED**.

3) Plaintiff shall be permitted to file an amended complaint within twenty (20) days of the date of this order for purposes of alleging the existence of a specific policy or custom held by Prison Health Services that caused Plaintiff's injury.

4) Failure to file an amended complaint will result in closure of this case.

          s/Sylvia H. Rambo
          United States District Judge